IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE HAMPSHIRE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING | : | |
| ADMINISTRATION, et al. | : | NO. 17-4423 |

MEMORANDUM

Bartle, J.                                                      October 24, 2018

The court is filing this Memorandum to explain its reasons for its order dated October 22, 2018 (Doc. # 44).

This is an action by two former employees of the Philadelphia Housing Authority ("PHA") alleging discrimination on the basis of race and/or gender in violation of 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 et seq. Plaintiffs moved to compel the defendants to produce documents and, in response, defendants filed a cross-motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Defendant's motion for a protective order sought to limit the disclosure and use of PHA Office of Audit and Compliance ("OCA") Report No. 18-232, which memorializes an internal PHA investigation into potential misconduct by two individuals who are current or former employees of PHA and who are not parties to this action. Defendants agreed to produce

the Report in this action but urged the court to preclude plaintiffs from obtaining it without first entering into a confidentiality order.  The proposed confidentiality order sought by defendants applied only to the specific Report at issue and not to any other information exchanged in this action.  Plaintiffs refused to agree to such an order or to any provisions for confidentiality.  After a telephone conference with counsel and an in camera review of the Report, we ordered defendants to produce the Report to plaintiffs but placed certain limits on the use and disclosure of the Report by plaintiffs in order to maintain the confidentiality of the Report.

Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The court may, for good cause, issue an
> order to protect a party or person from
> annoyance, embarrassment, oppression, or
> undue burden or expense, including one or
> more of the following:
> . . .
>
> (B) specifying terms, including time and
> place or the allocation of expenses, for the
> disclosure or discovery.

Fed. R. Civ. P. 26(c)(1).[1]

---

1. As required by Rule 26(c), counsel for defendants attempted in good faith to confer with plaintiffs' counsel in an effort to resolve the dispute without court intervention, but those efforts were unsuccessful.  As noted above, plaintiffs refused

The Court of Appeals set forth the law with respect to confidentiality orders in Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). There, the Court of Appeals overruled a district court order providing confidentiality for a settlement agreement in a civil rights action instituted under 42 U.S.C. § 1983 by a former Police Chief against the Borough of Stroudsburg. Pansy, 23 F.3d at 775.

In Pansy, the Court of Appeals reaffirmed the long-standing principle that district courts have inherent equitable power by means of protective orders, "to prevent abuses, oppression, and injustices" in discovery and "to grant confidentiality orders, whether or not such orders are specifically authorized by procedural rules."[2] Id. at 785 (internal quotation marks and citations omitted). In making a determination whether good cause exists for a protective order, a court must engage in a balancing process. Id. at 786. In doing so, we have flexibility to "minimize the negative consequences of disclosure." Id. at 787. The burden to show

---

to agree to a protective order or to any other constraints on the use of the Report.

2. While Pansy dealt with the confidentiality of a settlement agreement, the Court of Appeals noted that protective orders for discovery material raise "similar public policy concerns." 23 F.3d at 786. In each, the court must resolve the tension between privacy interests and another party's or the public's right to know. See id. at 786-87.

good cause rests on the party seeking a protective order. Id. at 786-87.

The Pansy court identified a number of factors which the court must consider in resolving this tension between privacy and the right to know:

>   (1) whether disclosure will violate any
>   privacy interests;
>
>   (2) whether the information is being sought
>   for a legitimate purpose or an improper
>   purpose;
>
>   (3) whether disclosure of the information
>   will cause a party embarrassment;
>
>   (4) whether confidentiality is being sought
>   over information important to public health
>   and safety;
>
>   (5) whether the sharing of information among
>   litigants will promote fairness and
>   efficiency;
>
>   (6) whether a party benefitting from the
>   order of confidentiality is a public entity
>   or official; and
>
>   (7) whether the case involves issues
>   important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91).

Here, plaintiffs seek disclosure of a confidential internal investigation conducted by PHA. Disclosure will violate the privacy interests of private individuals who are not parties to this action. The information sought relates to

-4-

potential discipline of these individuals by their employer and thus may cause embarrassment. We understand that the discipline is currently being grieved by the employees' union and thus is not final.

The information being sought is for a legitimate purpose, that is, to show potentially that other PHA employees who engaged in conduct similar to that of plaintiffs here did not receive the same type of discipline. Such comparator evidence is routinely sought in actions involving claims of employment discrimination. After weighing the factors set forth in Pansy, we find at this time that the privacy interests of these nonparties in their sensitive personnel records outweigh any public interest in the unrestricted public disclosure of this Report. Accordingly, the October 22nd order issued by this court, which is limited in scope and may be modified by further order of court, was appropriate under Pansy.

In opposition to defendants' cross-motion for a protective order, plaintiffs assert that certain documents related to the alleged misconduct by these nonparty individuals must be provided by PHA to the Pennsylvania State Police, at which point those documents become public records. The OAC Report is not tantamount to those documents; rather, it is an internal PHA record including memoranda authored by a PHA investigator, notes of interviews conducted by PHA of nonparty

PHA employees, and other documents reviewed in connection with the investigation.³  Thus, plaintiffs' argument misses the mark.

Plaintiffs also assert that "the EEOC will request and obtain the OAC report from PHA" with respect to a charge of discrimination filed by one of the nonparties that is the subject of the OAC Report, and thus the Report "is subject to disclosure from the EEOC through a Freedom of Information Request, or by a direct request from the parties in the agency matter."  This is speculation.  We are not aware what the EEOC may obtain in the course of its investigation of an unrelated charge of discrimination.  In any event, this court's order states that it will remain in effect pending further order by the court, and thus it may be modified if the OAC Report does in fact become subject to public disclosure.

Accordingly, the motion of plaintiffs to compel the defendants to produce documents (Doc. # 40) and the cross-motion of defendants for a protective order (Doc. # 41) were granted in part and denied in part by the order of this court dated October 22, 2018.

BY THE COURT:

/s/ Harvey Bartle III
                                                          J.

---

3. In fact, part of the basis for the discipline of these nonparty individuals is that they failed to file properly all required paperwork.